IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| HARREY ANTHONY BROWN and KESHA LYNETTE BROWN, <br><br>  Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br>  Defendant. | No. 2:21-cv-03801-DCN <br><br> **ORDER** |

This matter is before the court on plaintiffs Harrey Anthony Brown ("Mr. Brown") and Kesha Lynette Brown's ("Mrs. Brown") (together, "plaintiffs") motion to compel. ECF No. 160. For the reasons set forth below, the court denies the motion.

## I.  BACKGROUND

This case arises out of an allegedly failed medical procedure that Mr. Brown underwent in May 2019. Mr. Brown was diagnosed with prostate cancer in December 2018, and in March 2019, he and his wife attended a comprehensive prostate cancer clinic at the Brooke Army Medical Center ("BAMC") Urology Clinic in Fort Sam Houston, Texas to discuss various treatment options. Plaintiffs allege that they met with Dr. George J. Kallingal ("Dr. Kallingal"), a urology oncology surgeon at BAMC, who recommended that Mr. Brown undergo a robotic-assisted laparoscopic radical prostatectomy. Defendant United States of America (the "United States" or the "government") disputes this account and claims that before meeting Dr. Kallingal, plaintiffs met with several other physicians. For example, the government avers that on February 4, 2019, plaintiffs met with "Dr. Morales," who purportedly wrote in his visit

1

notes that he had recommended "active surveillance" for Mr. Brown's "very low risk prostate cancer." ECF No. 75-5, Kallingal Decl. ¶ 11. Mr. Brown allegedly "still prefer[red] surgery," so Dr. Kallingal met Mr. Brown for the first time on March 27, 2019. Id. ¶¶ 11, 13. At the visit, Mr. Brown elected to undergo the robotic-assisted laparoscopic prostatectomy ("RALP").

Plaintiffs allege that Dr. Kallingal claimed to possess "extensive experience and skill with performing the complex surgical procedure." ECF No. 46, Amend. Compl. ¶ 13. Mr. Brown claims he consented to the surgery based on the understanding that Dr. Kallingal would serve as the primary surgeon "with no resident involvement." Id. Dr. Kallingal disputes this, claiming that he did not represent that he would perform the surgery alone and that he would not have done so because "[a] robotic assisted laparoscopic prostatectomy cannot be performed by one person." Kallingal Decl. ¶ 19.

According to plaintiffs, BAMC changed the "primary surgeon" from Dr. Kallingal to Dr. Grace E. Park ("Dr. Park"), a resident physician at BAMC. Amend. Compl. ¶ 13. Plaintiffs allege that Dr. Kallingal never obtained Mr. Brown's authorization for Dr. Park to perform the procedure, and Dr. Kallingal instead falsified an informed consent form by forging Mr. Brown's signature. Plaintiffs further allege that Dr. Park altered Mr. Brown's surgical dictation notes and fabricated a surgical counseling session to show that she had visited with him prior to the surgery. Plaintiffs allege that due to Dr. Park's lack of skill and experience, the procedure resulted in "severe post-operative complications," including "a life-threatening illness and physical injuries to [Mr. Brown's] body." Amend. Compl. at 8 ¶ 14. Mr. Brown has been required to undergo additional medical procedures to treat the resulting injuries.

2

The government disputes these claims. Instead, the government asserts that Dr. Park was the Chief Resident and did not perform the surgery. As Chief Resident, Dr. Park conducted a preoperative clearance visit with Mr. Brown. ECF No. 75-6, Park Decl. ¶ 10. On the day of the surgery, Dr. Park provided bedside assistance by positioning, prepping, and draping the patient. Id. ¶ 13. Dr. Kallingal was the attending surgeon who controlled the robot and performed the operation on Mr. Brown on May 9, 2019. Kallingal Decl. ¶ 26.

On November 19, 2021, plaintiffs, proceeding pro se, filed a complaint against the United States, Dr. Kallingal, and Dr. Park, as well as against BAMC and Dr. Alexander Ernest ("Dr. Ernest"). ECF No. 1. Plaintiffs filed an amended complaint on September 12, 2022, alleging three separate causes of action for negligence based on medical battery and medical malpractice. ECF No. 46, Amend. Compl. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C), all pretrial proceedings in this case were referred to Magistrate Judge Mary Gordon Baker. On February 10, 2023, the court granted in part and denied in part defendants' motion for substitution of parties and substituted the United States as a party for BAMC and Dr. Ernest. ECF No. 72. On September 5, 2023, the court adopted the R&R and denied plaintiffs' motion for summary judgment, ECF No. 61, and granted in part and denied in part defendants' motion for summary judgment, ECF No. 75. ECF No. 110 (the "Summary Judgment Order"). In that order, the court dismissed Drs. Kallingal and Park

and substituted the United States in their place.[1]  Id. at 13.  As such, the government remains the only named defendant in this matter.

On April 23, 2024, plaintiffs filed a motion to compel, ECF No. 160, and the government filed a response in opposition to the motion to compel on May 7, 2024, ECF No. 168, to which plaintiffs replied on May 13, 2024, ECF No. 170.  The court held a hearing on this motion on June 4, 2024.  ECF No. 186.  As such, the motion is fully briefed and now ripe for the court's review.

## II.  DISCUSSION

Federal Rule of Civil Procedure 37(a)(3)(B) provides that a party may compel a discovery response in four scenarios: (i) a deponent fails to answer a question asked under rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.  Of the four categories, the plaintiffs' motion likely refers to the fourth and final category because they seek the actual locations of Drs. Kallingal and Gillcrist on May 9, 2019 and/or the staff utilization reports for that same day.  See ECF No. 160 at 1–2.  Plaintiffs aver that they sent this request over email.  Id.

---

[1] On March 25, 2024, the court issued an order granting in part plaintiffs' motion for reconsideration, ECF No. 136, of the Summary Judgment Order, ECF No. 110.  ECF No. 148.  The court revised its order with respect to granting the government summary judgment on plaintiffs' medical battery claim and, instead, denied the government's motion for summary judgment only as to whether Mr. Brown consented to surgery.  Id.  That reconsideration was heavily premised on the government's supplement, in which it disclosed additional documents relevant to Mr. Brown's consent.  ECF No. 143.

Federal Rule of Civil Procedure 34 stipulates the procedures for requesting and producing documents. The request must be served on the party from whom they seek discovery and must comply with the specific procedures of the rule. See generally Fed. R. Civ. P. 34(b). "Although the pleadings of pro se litigants are construed liberally, there is no lower standard when it comes to rules of evidence and procedure." Johnson v. Hendrick Auto. Grp., 2011 WL 6032706, at *3 (W.D.N.C. Dec. 5, 2011); El Bey v. Celebration Station, 2006 WL 2811497, at *2 (W.D.N.C. Sept. 28, 2006), aff'd, 242 F. App'x 917 (4th Cir. 2007). Plaintiffs did not follow the applicable procedures outlined in Rule 34(b), and, consequently, there are no pending discovery requests for which the court may compel responses pursuant to Rule 37(a). See ECF No. 160 at 1; Fed. R. Civ. P. 34(b), 37(a)(3)(B)(iv). Moreover, there are no pending discovery requests as defined by the Federal Rules of Civil Procedure in this case. As such, the court denies the motion to compel.

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** plaintiffs' motion to compel.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**July 12, 2024**
**Charleston, South Carolina**

5